The opinion of the Court was delivered by
Johnston, Ch.
The issue between these parties was not, as the Chancellor seems to have conceived, whether the purchase of Aiken’s bonds was made by Campbell, for his own benefit, by means of money borrowed from Martin. It was never denied by Campbell, that though the purchase made in August, 1849, was in his name, and ostensibly to his use, it was made on the joint account of himself and Martin. This he took pains to put beyond doubt, in September, 1849, in an unequivocal declaration, that the speculation was in trust to reimburse Martin for his outlay, and then to divide the net profits between the two: Campbell’s services to be gratuitous.
Nor was it denied that in June, 1851, Campbell sold his share of the profits to Martin, at a-stipulated price; or that he gave a receipt for the sum paid.
This bargain is not denied by Campbell, though he does deny that he got at the receipt — a matter of very little consequence, since its loss or disappearance could not, under his fair admissions, occasion any material injury.
The real contest between the parties is, whether, after the *224 bargain of June, 1851, was made, it was repudiated by Martin, as Campbell inferred from his conduct.
There is no proof of this repudiation. It would not do to say, had Campbell expressly avowed the fact, that it should be assumed without proof.
It is contended that the proof is to be found in Campbell’s answer to Mrs. Martin’s petition, which is said to have been given in evidence in the present cause. But supposing proof can be made in this collateral way, out of the defendant’s answer in another cause, such answer is only prima facie, and not conclusive, and is evidence according to the meaning to be obtained by a proper construction of it: and Mr. Campbell’s answer is not, substantially, in the nature of a positive averment of the fact of repudiation, but rather that from Martin’s equivocal conduct, Campbell understood him to intend to repudiate, and concluded, as it would not materially vary their relative interests, to make no opposition.
We are to conclude, then, that the contract of June, 1851, remained of force; and that being the case, we do not perceive that the results attained by the Chancellor are erroneous.
Mr. Aiken (Joseph D.) proves that in the receipt given by Campbell, he agreed to continue his services in winding up the business gratuitously. The same result, it appears to us, would have followed had that special provision been omitted in the receipt. The concern must be wound up : Campbell had an interest (being accountable for what he had received, and for his contracts with third persons) in winding it up; to say nothing of his claim of the Mathews’ bonds; and, therefore, was under a necessity to continue his attention to the business.
It is ordered that the appeal be dismissed, and the decree affirmed.
O’Neall, C. J., and Wardlaw, J., concurred.

Appeal dismissed.